**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 0 5 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHYLLIS NUCHMAN,                         :     Civil Action No.
                                         :
                          *Plaintiff,*   :     **09    2392**
                                         :
          - against -                    :     **Verified Complaint**
                                         :
CITY OF NEW YORK and NEW YORK CITY       :
DEPARTMENT OF EDUCATION,                 :     Trial by Jury **COGAN, J.**
                                         :
                          *Defendants.*  :
-----------------------------------------------------------X

     Plaintiff, PHYLLIS NUCHMAN, by and through her attorneys, WOLIN & WOLIN, ESQS.,

complaining of the defendants, CITY OF NEW YORK and NEW YORK CITY DEPARTMENT

OF EDUCATION, alleges as follows:

### Introduction

     1.    This is an action for damages and other relief, brought pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Americans with Disabilities

Act, 42 U.S.C. §12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§621 *et seq.*, as amended;, the New York State Executive Law §296 and §297 and the New York

City Administrative Code §8-107, in which plaintiff alleges that defendants engaged in employment

discrimination against her based upon retaliation for her protected activities, disability, and age.

### Statement Pursuant to Local Rule 9

     2.    For purposes of complying with Local Rule 9, plaintiff states that she has no

corporate parent, subsidiary or affiliate and that there are no other interested parties.

-1-

## Jurisdiction & Venue

3.       Defendant City of New York ("City"), at all times hereinafter mentioned was and still is a municipal corporation duly organized pursuant to the laws of the State of New York.

4.       Defendant New York City Department of Education ("DOE"), was and still is an agency of defendant City and maintains a principal place of business at 52 Chambers Street, New York, New York.

5.       Defendant DOE also maintains offices and conducts business within the Eastern District of New York.  This includes the Queens Teacher Reassignment Center located at 28-11 Queens Plaza North, Long Island City, New York.

6.       The offices of defendants in which the employment records relevant to this action are maintained, the offices for which plaintiff was assigned at all relevant times and where the complained of actions occurred are located in the Eastern District of New York.  Therefore, under 42 U.S.C. § 2000e-5(f)(3), venue is proper within the Eastern District of New York.

## Exhaustion of Administrative Remedies

7.       Prior to filing this court action, on or about April 24, 2008, plaintiff timely filed a written Charge of Discrimination and Retaliation against the defendants herein with the Equal Employment Opportunity Commission (EEOC).

8.       In said Charge of Discrimination, plaintiff alleged that defendants had discriminated and retaliated against her based upon her disability, age and in retaliation for her participation in protected activity.

9.       On March 6, 2009, the United States Department of Justice, Civil Rights Division,

issued a "Notice of Right to Sue" to plaintiff advising her of her right to file an action against defendants within the time prescribed by law.  Plaintiff received this Notice of Right to Sue on or about March 11, 2009.

10.     Plaintiff filed this Complaint within the time prescribed by law after receiving the "Notice of Right to Sue."

## The Parties

11.     Plaintiff, PHYLLIS NUCHMAN, during all times hereinafter mentioned, was and still is a resident of the State of New York, County of Nassau.

12.     Defendant City, at all times hereinafter mentioned, was and still is a municipal corporation duly organized pursuant to the laws of the State of New York.

13     Defendant DOE was and still is an agency of defendant City and maintains a principal place of business at 52 Chambers Street, New York, New York.

14     Defendants are engaged in an activity and/or industry affecting commerce and had and still has at least 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.  Therefore, defendants are employers within the meaning of the Act.

15     At all relevant times, defendants were "employers" as defined by 29 U.S.C. § 630(b), 42 U.S.C. § 2000e(g)(h), Article 15 of the New York State Executive Law, and New York City Administrative Code §8-107.  Therefore, defendants are "employers" for purposes of 29 U.S.C. § 621, *et seq.*, 42 U.S.C. § 2000e, *et seq.*, Article 15 of the New York State Executive Law and New York City Administrative Code §8-107.

## Statement of Facts

16.    Plaintiff was born on March 17, 1950.  She is currently 59 years of age.

17.    Plaintiff has been continually employed by the DOE since 1981.  From in or about December 1981 to October 2004, she was assigned to the Linden Middle School, Junior High School 192, located at 109-89 204th Street, St. Albans, New York.  In October 2004, plaintiff was assigned to P.S. 147 located at 218-01 116th Avenue, Cambria Heights, New York.  Plaintiff was subsequently reassigned to P.S. 268Q located at 97-07 175th Street, Queens, New York.  In or about February, 2008, plaintiff was served with disciplinary charges and reassigned to the Queens Teacher Reassignment Center located at 28-11 Queens Plaza North, Long Island City, New York, as she was coming off a line of duty injury.  Plaintiff has not been permitted to perform her usual and customary duties since her reassignment.

18.    Plaintiff has been employed as a Special Education Teacher.  Prior to being served with disciplinary charges, plaintiff had been serving as a "Resource Room" teacher.

19.    During plaintiff's employment with the DOE, she became physically disabled.  Because of work related injuries, she suffers from degenerative disc disease, degenerative joint disease (arthritis), synovial cyst, lumbar herniation and spondlythesis.  Plaintiff has cervical radiculopathy, cervical disc herniations with chronic rhomboid muscle spasm; a "military neck", mild canal stenosis at L4-L5 and L5 right sided root herniation.  Additionally, her right index finger has been amputated.  As a result of nerve damage to that finger, her hand occasionally "locks."

20.    As a result of her disability, plaintiff is substantially limited in several major life activities.  She is unable to climb stairs, push or pull, sit or stand for prolonged periods of time.  She

is also impaired in caring for herself, performing manual tasks, working, seeing and driving an automobile. Despite her disability, plaintiff is an otherwise qualified individual who can perform the essential functions of her position, with or without reasonable accommodation.

21.    In or about January, 1997, plaintiff filed a lawsuit in the United States District Court for the Eastern District of New York against the DOE. She alleged, *inter alia*, that the DOE had violated the Americans with Disabilities Act, the New York State Human Rights Law and the New York City Human Rights Law by, among other reasons, not reasonably accommodating the foregoing disability.

22.    In or about June, 1998, said lawsuit was settled. Besides paying plaintiff a sum of money, the DOE agreed that she:

> "will not be assigned to students recommended for Modified Instructional Services (MIS) II placements or any equivalent designation; to assign plaintiff to an available resource room in the Linden Middle School (JHS 192), provided that school registration requires more than one resource room and plaintiff is otherwise contractually eligible for such assignment; and in the event that there is no available resource room at the Linden Middle School (JHS 192) at any time after September 1, 1998, assignment to which plaintiff is contractually eligible, then plaintiff shall be assigned to a Modified Instructional Services (MIS) I placement or any equivalent designation."

23.    Subsequent to this Settlement Agreement, the DOE recognized plaintiff's need to be accommodated. For example, it noted that she "should be provided with an overhead projector, or chalkboard, writing should be limited to shoulder level and that there be no carrying and lifting of heavy objects and no repeated bending." The DOE also recognized, among other accommodations, that she "be assigned to a classroom on the first or second floor".

24.     The DOE observed the Settlement Agreement and plaintiff's needed accommodations for some time, by providing her a Resource Room assignment in JHS 192. However, by 2001-2002, the DOE commenced what became an ongoing campaign of again failing to reasonably accommodate plaintiff in violation of the ADA, other relevant statutes and the Settlement Agreement and by taking advantage of her disability. This assignment exacerbated her condition which resulted in her having to receive a series of epidural shots in her spine under anesthesia.

25.     As a result of defendants' actions, on September 27, 2005, plaintiff commenced an action in the United States District Court for the Eastern District of New York, Case No. 05 Civ. 4561, alleging that defendants had discriminated against her on account of her age and disability. This litigation is still pending.

26.     On February 13, 2008, Lissa Grant-Stewart, the Principal of P.S. 268Q, on behalf of respondents, served plaintiff with Charges and Specifications, pursuant to §3020-a of the Education Law of the State of New York, seeking her dismissal by claiming that she had "engaged in misconduct and conduct unbecoming [her] position."

27.     Plaintiff vehemently denied the allegations and submits that the §3020-a proceeding was brought in retaliation for her having previously engaged in protected activity by suing the DOE and by otherwise seeking a reasonable accommodation.. Defendants served plaintiff with the Charges and Specifications without engaging in any progressive discipline, which is required. Plaintiff also alleges that the bringing of these charges constitutes additional discrimination and age discrimination. The Charges and Specifications were brought in violation of proper procedure because they were issued while plaintiff was on approved leave because of a line of duty injury.

-6-

28.     After being served with the Charges and Specifications, plaintiff was reassigned to the Queens Teacher Reassignment Center located at 28-11 Queens Plaza North, Long Island City, New York.

29.     Ms. Grant-Stewart issued an annual performance review to plaintiff dated June 9, 2008, in which she totally distorted plaintiff's performance by rating her as "unsatisfactory" in several areas.

30.     In a letter to plaintiff dated June 23, 2008, Ms. Grant-Stewart improperly sought to meet with plaintiff for the stated reason of discussing the report of the Chancellor's Office of Special Investigations, which had falsely concluded that plaintiff had engaged in professional misconduct. Plaintiff had already been presented with the Charges and Specifications in February, 2008 and the §3020-a proceeding had already commenced. Ms. Grant-Stewart's meeting served no legitimate purpose and was further retaliation and harassment.

31.     While assigned to the reassignment center, plaintiff has not been permitted to perform her usual and customary duties and has been subject of continuing harassment and retaliation. She has been the subject of numerous disciplinary memos, disciplinary conferences, and accusations for the most *de minimis* of things. For example, plaintiff was instructed that she could only use the bathroom on the second floor while others were not so instructed or reprimanded for using a bathroom on another floor; confined to her work area only and prohibited from entering other locations within the building; directed not to enter the site supervisor's office; and accused of having erratic behavior, repeated outbursts, and constant insubordination, all of which is untrue.

32.     Plaintiff was issued a written reprimand dated December 8, 2008 by Marc Einsohn,

-7-

Site Supervisor, which enumerated some of these untruths.

33.     Plaintiff, while assigned to the reassignment center, has also been criticized by defendants' agents, because she made telephone calls to the EEOC, which she had an absolute right to do.

34.     On January 9, 2009, Mr. Einsohn held a disciplinary conference with plaintiff in which he falsely accused plaintiff of "conduct unbecoming a professional pedagogue" with reference to an incident on December 18, 2008 and of allegedly blocking access to the ladies' room on December 15, 2008.

35.     Plaintiff further alleges that the rules and regulations of the reassignment center have not been enforced with an even hand.  It is plaintiff's contention that she is being singled out for enforcement of the rules and regulations of the reassignment center because of her participation in protected activity, disability and age.

36.     Defendant has also refused to reasonably accommodation plaintiff while assigned to the reassignment center.

37.     At all times, plaintiff's job performance was satisfactory and she was eminently qualified for the position she held and could have performed the duties thereof with or without reasonable accommodation.

38.     Plaintiff submits that she is a "qualified individual with a disability" within the meaning of 42 U.S.C. §12101, *et seq.*, who, at all times during her employment with defendants, could perform the essential functions of the employment position that she held, with or without reasonable accommodation.

39.    Plaintiff, therefore, submits that defendants' actions were directly related to her age, her disability and in retaliation for her protected activity.   Plaintiff respectfully alleges that, by their actions, defendants and its agents have acted in a way that adversely affects plaintiff's job status and job opportunities in violation her rights under various statutes and has created a hostile work environment.

40.    Plaintiff, on several occasions, complained to upper management and the DOE's Human Resources Office concerning the foregoing.   Plaintiff's complaints were not adequately addressed.

## Count I

41.    Plaintiff alleges that the foregoing actions by defendants and their agents, which occurred subsequent to the filing of her Charge of Discrimination and Retaliation, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* in that defendants and their agents' actions constitute unlawful employment practices because of retaliation and reprisal, in that defendants and their agents discriminated against plaintiff and undertook the complained of actions because she engaged in the aforementioned protected activity.

42.    By their actions, defendants and their agents treated plaintiff differently from other employees on account of retaliation and reprisal and discriminated against her in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

43.    Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

44.    Defendants and their agents' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

45.    By reason of defendants' actions and inactions, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon retaliation and reprisal, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

46.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## Count II

47.    Plaintiff alleges that the foregoing actions by defendants violate the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* in that defendants' actions constitute an unlawful employment practice because of her disability.

48.    By their actions, defendants treated plaintiff differently from other employees on account of her disability and discriminated against her in compensation, terms, conditions and

privileges of employment in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

49.     Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified under 42 U.S.C. §12101 *et seq.*. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

50.     Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

51.     By reason of defendants' actions and inactions, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's disability and need to be reasonably accommodated, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

52.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

### Count III

53.     Plaintiff submits that defendants' actions constitute a willful violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, inasmuch as defendants' actions

-11-

were based, in whole or in part, upon plaintiff's age.

54. Defendants and their agents treated plaintiff differently from other employees on account of her age and discriminated against plaintiff in compensation, terms, conditions and privileges of employment.

55. Plaintiff further alleges that defendants' actions, as complained of herein, have denied her equal terms, conditions and privileges of employment because of her age.

56. Defendants cannot demonstrate any legitimate employment related reason for their actions. Any claim to the contrary is nothing more than a pretext so that defendants could attempt to mask their actions. Defendants cannot articulate any legitimate non-discriminatory reason for their actions.

57. As a direct and proximate result of defendants' actions, as aforesaid, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

58. By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

### Count IV

59. Plaintiff alleges that the foregoing actions by defendants violate Article 15 of the New

York State Executive Law, specifically §296 and §297, inasmuch as defendants' actions constitute an unlawful employment practice because she engaged in the aforementioned protected activity

60.     By their actions, defendants treated plaintiff differently from other employees on account of her protected activity and discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, specifically §296 and §297.

61.     Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Article 15 of the New York State Executive Law, specifically §296 and §297. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

62.     Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

63.     By reason of the actions and inactions of defendants, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's protected activity, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured.

64.     Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory damages in an amount to be determined at trial together with appropriate interest thereon and an award of costs and disbursements.

## Count V

65.    Plaintiff alleges that the foregoing actions by defendants violate Article 15 of the New York State Executive Law, specifically §296 and §297, inasmuch as defendants' actions constitute an unlawful employment practice because of her disability.

66.    By their actions, defendants treated plaintiff differently from other employees on account of her disability and discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, specifically §296 and §297.

67.    Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Article 15 of the New York State Executive Law, specifically §296 and §297. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

68.    Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

69.    By reason of the actions and inactions of defendants, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's disability and her need to be accommodated, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured.

70.    Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records;

compensatory damages in an amount to be determined at trial together with appropriate interest thereon and an award of costs and disbursements.

<u>**Count VI**</u>

71.     Plaintiff submits that defendants' actions constitute a willful violation of Article 15 of the New York State Executive Law, specifically § 296 and § 297, inasmuch as defendants' actions were based, in whole or in part, upon plaintiff's age.

72.     Defendants and their agents treated plaintiff differently from other employees on account of her age and discriminated against plaintiff in compensation, terms, conditions and privileges of employment.

73.     Plaintiff further alleges that defendants' actions, as complained of herein, have denied her equal terms, conditions and privileges of employment because of her age.

74.     Defendants cannot demonstrate any legitimate employment related reason for their actions. Any claim to the contrary is nothing more than a pretext so that defendants could attempt to mask their actions. Defendants cannot articulate any legitimate non-discriminatory reason for their actions.

75.     As a direct and proximate result of defendants' actions, as aforesaid, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured.

76.     Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records;

-15-

an award of compensatory damages, expert fees and costs and disbursements in an amount to be determined at trial together with appropriate interest thereon and an award of costs and disbursements.

### Count VII

77.     Plaintiff alleges that the foregoing actions by defendants, violate the New York City Administrative Code §8-107, in that defendants' actions constitute an unlawful employment practice because she engaged in the aforementioned protected activity

78.     By their actions, defendants treated plaintiff differently from other employees on account of her protected activity and discriminated against her in compensation, terms, conditions and privileges of employment in violation of the New York City Administrative Code §8-107.

79.     Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified under the New York City Administrative Code §8-107. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

80.     Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

81.     By reason of defendants' actions and inactions, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's disability and her need to be reasonably accommodated, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. In addition,

plaintiff has incurred attorney's fees in order to rectify the situation.

82.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## **Count VIII**

83.     Plaintiff alleges that the foregoing actions by defendants, violate the New York City Administrative Code §8-107, in that defendants' actions constitute an unlawful employment practice because of her disability.

84.     By their actions, defendants treated plaintiff differently from other employees on account of her disability and discriminated against her in compensation, terms, conditions and privileges of employment in violation of the New York City Administrative Code §8-107.

85.     Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified under the New York City Administrative Code §8-107. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

86.     Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

87.     By reason of defendants' actions and inactions, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's disability and her need to be reasonably accommodated, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

88.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory

-18-

and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## Count IX

89.     Plaintiff alleges that the foregoing actions by defendants, violate the New York City Administrative Code §8-107, in that defendants' actions constitute an unlawful employment practice because of her age.

90.     By their actions, defendants treated plaintiff differently from other employees on account of her age and discriminated against her in compensation, terms, conditions and privileges of employment in violation of the New York City Administrative Code §8-107.

91.     Defendants cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under the New York City Administrative Code §8-107. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants could attempt to mask their actions.

92.     Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

93.     By reason of defendants' actions and inactions, whereby defendants have engaged in unlawful discriminatory practices based upon plaintiff's age, plaintiff has been severely damaged. Plaintiff has been damaged physically and emotionally. She has developed increased anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

94.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

### Jury Demand

95.     Plaintiff herein demands a trial by jury of all issues in this action.

### Prayer for Relief

**WHEREFORE**, plaintiff, PHYLLIS NUCHMAN, respectfully requests that judgment be entered in her favor and against defendants, CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF EDUCATION, as follows:

a.      the Court award the appropriate injunctive relief enjoining defendant and its agents from continuing to engage in the actions complained of herein;

b.      on the first count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

c.      on the second count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory damages in an amount to be determined at trial together with appropriate interest thereon and an award of costs and disbursements;

d.      on the third count, an award of appropriate injunctive and monetary relief, including

an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

e.     on the fourth count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

f.     on the fifth count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

g.     on the sixth count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

h.     on the seventh count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

i.     on the eighth count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an

-21-

amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

        j.     on the ninth count, an award of appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

        k.     an award of prejudgment interest on the money awards requested above; and

        l.     award plaintiff such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
       June 3, 2009

Respectfully submitted,
WOLIN & WOLIN, ESQS.

By:  Alan E. Wolin, Esq.
Attorney for *Plaintiff*
420 Jericho Turnpike, #215
Jericho, New York 11753
Telephone: (516) 938-1199
Facsimile: (516) 938-1178

## VERIFICATION

State of New York      )
                       )ss.:
County of Nassau       )

PHYLLIS NUCHMAN, being duly sworn, deposes and says:

I am the Plaintiff in the within action and I have read the foregoing Verified Complaint and know the contents thereof, the same is true to my knowledge, except as to those matters therein stated to be based upon information and belief, and as to those matters I believe them to be true.

PHYLLIS NUCHMAN

Sworn to before me this
3rd day of June, 2009

Notary Public

JILL A. FIEMAN
Notary Public, State of New York
No. 4993075
Qualified in Nassau County
Commission Expires March 9, 2010