UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PHYLLIS NUCHMAN,

                              Plaintiff,

-against-

CITY OF NEW YORK and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

                              Defendants.

**ANSWER**

09 Cv 2392 (CBA) (RER)

------------------------------------------------------------------ x

       Defendants, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint allege as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff has no corporate parent, subsidiary, or affiliates and that there are no other interested parties.

       3. Admit the allegations set forth in paragraph "3" of the complaint.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that defendant DOE has offices located at 52 Chambers Street, New York, New York.

       5. Admit the allegations set forth in paragraph "5" of the complaint.

       6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the venue of this court is appropriate.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

8. Deny the allegations set forth in paragraph "8" of the complaint and respectfully refer the Court to plaintiff's Charge of Discrimination for the full and accurate text and content thereof.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the EEOC sent plaintiff a "Dismissal and Notice of Rights" dated March 11, 2009 and respectfully refer the Court the Dismissal and Notice of Rights for the full and accurate text and content thereof.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff filed this suit after receiving the "Notice of the Right to Sue."

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that defendant DOE has offices located at 52 Chambers Street, New York, New York.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint and respectfully refer the Court to 29 U.S.C. § 630(b), 42 U.S.C. § 2000e(g)(h), Article 15 of the New York State Executive Law and the New York City Administrative Code §8-107 for the full and accurate text and content thereof.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was assigned to the Linden Middle School, J.H.S. 192, located at 109-89 204th Street, St. Albans, New York, to P.S. 147, located at 218-01 116th Avenue, Cambria heights, New York and P.S. 268Q located at 97-07 175th Street, Queens, New York and further admit that in or about February 2008 plaintiff was served with Specifications and Charges and subsequently reassigned to the Queens Reassignment Center located at 28-11 Queens Plaza north, Long Island City, New York.

18. Admit the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set froth in paragraph "19" of the complaint and further deny knowledge or information sufficient to form a belief as to the truth of plaintiff's injuries.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set froth in paragraph "21" of the complaint, except admit that plaintiff filed a federal lawsuit, Nuchman v. New York City Board of Education, 97 Cv. 0321 (ERK), and respectfully refer the Court to such complaint for the full and accurate text and content thereof.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff's lawsuit, Nuchman v. New York City Board of Education, 97 Cv. 0321 (ERK), was settled by the parties in June 1998, and respectfully refer the Court to such settlement agreement for the full and accurate text and content thereof.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that during her tenure with DOE plaintiff was accommodated.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that DOE observed the settlement agreement.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff commenced an action in the United States District Court for the Eastern District of New York, Case No. 05 CV 4561 and that such litigation is still pending and respectfully refer the Court to the complaint in that action for the full and accurate text and content thereof.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that on or about February 13, 2008, plaintiff was served with Charges and Specifications, pursuant to §3020-a of the Education Law of the State of New York and respectfully refer the Court to such Charges and Specifications for the full and accurate text and content thereof.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that Principal Grant-Stewart issued plaintiff an Unsatisfactory rating for her annual evaluation for the 2007-2008 school year and respectfully refer the Court to the evaluation for the full and accurate text and content thereof.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that Principal Grant-Stewart wrote a letter to plaintiff dated June 23, 2008 and respectfully refer the Court to the June 23, 2008 letter for the full and accurate text and content thereof.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that Marc Einsohn sent plaintiff a letter dated December 8, 2008 and respectfully refer the Court to the December 8, 2008 letter for the full and accurate text and content thereof.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that on January 9, 2009 Mr. Einsohn held a disciplinary conference with plaintiff.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint and respectfully refer the Court to 42 U.S.C. §12101, *et. seq.,* for the full and accurate text and content thereof.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55 of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. No response to paragraph "95" of the complaint is required because no facts are alleged.

## AS AND FOR A FIRST DEFENSE:

96. The complaint fails to state a claim against defendants upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

97. Any claims in the Complaint under 42 U.S.C. §2000e *et seq* that accrued more than 300 days prior to the plaintiff's filing of his charge of discrimination with the EEOC are time barred.

## AS AND FOR A THIRD DEFENSE

98. Any claims in the Complaint under 29 U.S.C. §623 that accrued more than 300 days prior to the plaintiff's filing of his charge of discrimination with the EEOC are time barred.

## AS AND FOR A FORUTH DEFENSE

99. Any claims in the Complaint under 42 U.S.C. §12101 et. seq. that accrued more than 300 days prior to the plaintiff's filing of his charge of discrimination with the EEOC are time barred.

## AS AND FOR A FIFTH DEFENSE:

100. This Court lacks subject matter jurisdiction over any claims contained in the complaint which was not also contained in the charge of discrimination filed by plaintiff.

## AS AND FOR A SIXTH DEFENSE:

101. All of defendants' employment decisions and actions concerning the plaintiff were based on legitimate, non discriminatory business considerations.

### AS AND FOR A SEVENTH DEFENSE:

102.   The conduct of the defendants was at all times lawful, proper and carried out in conformity with the Constitution and laws of the State of New York and all applicable rules and regulations of the City of New York.

### AS AND FOR AN EIGHTH DEFENSE:

103.   Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by defendants to the employees of the New York City Department of Education or to otherwise avoid harm, and defendants exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains of.

### AS AND FOR A NINTH DEFENSE:

104.   Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TENTH DEFENSE

105.   Plaintiff failed to mitigate damages

### AS AND FOR AN ELEVENTH DEFENSE:

106.   Plaintiff is not disabled.

**WHEREFORE**, defendants respectfully request judgment dismissing the complaint together with such other relief as the Court deems just and proper.

Dated:    New York, New York
             July 29, 2009

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                              City of New York
                          Attorney for Defendants
                          100 Church Street
                          Room 2-171
                          New York, New York 10007
                          (212) 788-0897

               By:        _____
                             ISAAC KLEPFISH (IK 3478)
                             Assistant Corporation Counsel

09 Cv 2392 (CBA) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHYLLIS NUCHMAN,

Plaintiff,

-against-

CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Isaac Klepfish*
*Tel: (212) 788-0897*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................., 200 . . .*

*.................................................................Esq.*

*Attorney for ........................................................*